## TUCKER & STILES *v.* COCHRAN.

A jury have no power to award costs in their verdict. But if they attempt to do so, that portion of their verdict will be treated as void and rejected as surplusage, and will not affect the residue of the verdict.

So, also, if the jury in returning a special verdict find a fact which is entirely immaterial, that portion of the verdict may be rejected as surplusage.

When a verdict, either general or special, does not find the issue raised by the pleadings as it should do, yet if it is such a verdict as the court can clearly understand, and such that a verdict can be concluded out of it to the point in issue, the court will mould and work it into form according to the justice of the case.

ASSUMPSIT, founded upon plaintiff's book account, annexed to their writ amounting to $18.25. The plea was the general issue. There was no set off filed. The plaintiff's evidence tended to show on their part, they were partners in business, in Brookline, in this county, and that the goods charged in their writ had been sold and delivered to the defendant. By way of defence, defendant contended that he had paid for a barrel of flour charged in plaintiff's account; also, that before this action was commenced, he had made a verbal contract with Tucker, one of the plaintiffs, to cut wood, as he said by the day, and at the price of 75 cents per diem, and that in pursuance of such contract he had labored 42 1-2 days, and that he had agreed to take most of his pay from plaintiff's store. Tucker in reply contended that defendant agreed to cut the wood by the cord and not by the day, and that in this way at the usual price for cutting cord wood, the labor of the defendant would in amount be much less than the defendant's claim. He did not deny the agreement that the defendant was to have his pay out of plaintiff's store. It appeared, also, that before any action had been commenced, the parties had met and tried to settle, but were unable to agree, for the reason aforesaid. The plaintiffs then brought the action; and the defendant afterwards commenced his action against plaintiffs to recover the price of his work, both actions pending on the trial docket.

Before the jury the defendant's counsel contended that if they found the existence of the special contract as set up here, it was competent for the jury to find plaintiffs' account extinguished by the defendant's labor, provided defendant's account was large enough to pay it; and the court charged the jury accordingly, and plaintiff excepted.

The jury returned the following special verdict:

"The jury are unanimous in the opinion, that the account of Messrs. Tucker & Stiles, amounting to $18.25, is justly due from Abner Cochran.

They are also unanimous in the opinion, that a verbal contract existed between Jos. C. Tucker and Abner Cochran, to chop wood by the day, and that said Cochran was to receive for his labor 75 cents by the day, and that the said Cochran did labor 42 1-2 days which amounts to $31.87, leaving a balance of $13.62 in favor of said Abner Cochran— each party paying their own costs."

                                        J. H. PARMELEE, *Foreman.*

The defendant entered upon the docket a remittitur of $13.62; and the court directed a general verdict to be drawn up for defendant.

The plaintiffs objected to the proceedings, and took exception to the order of court directing the verdict.

The questions of law were reserved.

*Wadleigh*, for defendant.

I. "Verdicts are not to be taken strictly like pleadings, but the court will collect the meaning of the jury if they give such a verdict that the court can understand them," or in other words, "if a verdict can be concluded out of the finding to the point in issue, the court shall mould and work it into form according to the real justice of the case." *Foster* v. *Jackson*, Hob. 54; *Hawkes* v. *Crofton*, 2 Bur. 700; *Pettes* v. *Bingham*, 10 N. H. 514; *Litchfield* v. *Londonderry*, 39 N. H. 247; *Hodges* v. *Raymond*, 9 Mass. 319; *Porter* v. *Rummery*, 10 Mass. 64; *Chace* v. *Fall River*, 2 All. 533; *Lincoln* v. *Lincoln*, 12 Gray 48; *Brunswick* v. *McKean*, 4 Green. 512; *Thompson* v. *Button*, 14 Johns. 34.

II. The plaintiffs were bound by Tucker's contract with the defendant, and by the instructions of the court in relation to the effect thereof. See *Greeley* v. *Wyeth*, 10 N. H. 15.

III. The finding can be understood and a verdict can be concluded out of it to the point in issue.

The points in issue on the trial were: 1st, How much the plaintiffs were entitled to on their account in suit; 2d, Whether under the special contract the plaintiffs should allow the defendant 75 cents per day, or 75 cents per cord for labor.

Both points are settled by the verdict, and the jury also find that on account of the performance of labor under the contract with Tucker there is a balance in defendant's favor.

1. As to the first clause of the verdict: *Account* means a statement of debt or of debt and credit. An account cannot be *due* in the sense of *owing*. But the word "due" often means correct, just or proper, (Bouv. L. D.) and the jury meant merely that the defendant's account was correct.

*Balance* means the amount remaining due after a settlement of mutual claims or accounts. Bouv. Law D., "Balance." There could be no balance for defendant except after a settlement or extinguishment of the plaintiffs' claim. The finding of a balance in favor of the defendant was therefore a finding that the plaintiffs' claim had been settled or extinguished by the contract with Tucker and its performance as stated, and that the defendant owed plaintiffs nothing.

IV. The plaintiffs require the same degree of certainty as in an indictment, and contend that the verdict is bad because it does not find *in*

*totidem verbis*, that by the contract ¡with Tucker the defendant's labor was to be allowed in set-off to the plaintiffs' claim.

To which we reply :

1.   That the fact is found with sufficient certainty, because the jury find that on account of the performance of the labor under the contract there was a balance in defendant's favor and of course that the plaintiffs' account was settled or extinguished, which could not have been had the contract not been that the defendant should be paid out of plaintiffs' store.   A jury of plain men are little likely to understand the subtilties of pleading, and a rule requiring an express finding of every particular fact going to prove the extinguishment of the plaintiffs' claim, whether such fact was in controversy on the trial or not, would abolish special verdicts, though this one was necessary to fix the point where Cochran's claim in his subsequent action should commence.

2.   That the fact that the defendant was to be paid for his labor out of plaintiffs' store was not a "point in issue" within the rule laid down in the decisions referred to.

A "point in issue" is not the "issue" but a point actually in controversy on the trial.   If in assumpsit, the defence under the general issue is duress alone, must the jury if they find specially that there was no duress, expressly negative payment and all other possible defences under the general issue ?   The verdict must be reasonably certain upon the point or points actually in . controversy.   The case shows that the fact that defendant was to be paid for most of his labor out of plaintiffs' store was admitted upon this trial.   Upon the points in dispute and upon the point that there was a balance due the defendant by virtue of the contract with Tucker, the verdict is certain and that is sufficient.

3.   That the plaintiffs *"are bound by the verdict given upon the ground on which they chose to rest their case."*

And the fact that the defendant was to take his pay from the plaintiffs' store having been admitted upon the trial, the plaintiffs cannot now deny it to overthrow the verdict ; more especially they cannot, to overthrow a verdict which necessarily includes that fact.   *Lincoln* v. *Lincoln*, 12 Gray 48.

*Spring* and *G. Y. Sawyer & Sawyer, jr.*, for plaintiffs.

This action being brought to recover the plaintiffs' partnership account against the defendant, and the plea being merely the general issue without a set-off, the only question for the jury to determine was, whether that account or any part of it was due from the defendant to the plaintiffs.   This they have distinctly found, and the first part of the verdict should stand as a verdict for the plaintiffs, and the remainder should be rejected as surplusage.   *Bacon* v. *Callender*, 6 Mass. 303 ; *Lincoln* v. *Hapgood*, 11 Mass. 350.

In no event could a claim against Tucker as an individual be allowed as a set-off to the claim of the firm of which he was a member, unless it is made to appear that there was a special contract of both partners to that effect, and this the verdict does not find.   It does not even find

that there was such a contract between the defendant and Tucker. It finds only that the defendant is indebted to the plaintiffs, just as they claim in this suit, and that one of the plaintiffs is indebted to the defendant in a larger sum, just as he claims in another suit pending, but it fails to find any special contract connecting them. It obviously was an attempt on the part of the jury, to try the two independent actions in the trial of this.

SARGENT, J.  In this case the jury undertook to award costs. In this they went beyond their jurisdiction, but that does not affect the residue of the verdict. The part relating to costs is merely void and may be rejected as surplusage. *Lincoln* v. *Hapgood*, 11 Mass. 358.

The plaintiffs' suit was upon an account annexed for $18.25. The only plea was the general issue without any off-set. The plaintiffs proved their case, and the defendant in reply claimed that he had paid for a barrel of flour charged by plaintiffs, but he did not prove it. And he did not claim that he had *paid* for anything else. And it is evident that he was only trying to "extinguish" the plaintiffs' claim by a counter claim, which at most could only have been allowed in off-set if properly pleaded, but was no evidence of a payment.

Taking all the facts found by the jury and this claim could not have been allowed even in off-set, for upon all those facts there was no mutuality between the demands ; and taking all the facts stated in the ruling of the court, it could not have been a payment, nor would all those facts, if found, have made the defendant's claim competent as an off-set as a matter of law. Because Tucker might have made the contract with defendant and agreed to pay him from plaintiffs' store, and yet the contract may have been his personal contract, and the company had nothing to do with it. Any man may make a contract and agree to pay at a store specified, not his own, but that does not prove conclusively, and ordinarily would not prove at all, that the owner of the store had anything to do with the contract.

In this case as the contractor was a part owner in the store, it might have been competent evidence for the jury upon the question as to whether Tucker was in fact acting for himself individually, or for the firm of which he was a member, in making the contract with defendant. That would have been the first question for the jury in case defendant had filed this claim in off-set, and if the jury had found that Tucker acted for the firm in making that contract, then it would become a proper matter of set-off, but not otherwise.

It being evident that the jury could not properly have found a verdict for defendant in this case, either from the facts found by them in the verdict, nor upon the ruling of the court, nor upon any facts stated in the case, we think that part of the verdict, which finds the special contract between Tucker and defendant, should be laid out of the case, and treated as surplusage like the portion relating to costs.

We then have left only the first part which finds that the account of the plaintiffs against the defendant is justly due. And although that is not in form, and does not find the technical issue raised by the pleadings

as it should do, yet it is not only such a verdict as the court can under-stand, but it is such an one as cannot be misunderstood, and there is no trouble in concluding a verdict out of this finding to the point in issue; and in such a case it is the duty of the court to mould and work it into form, according to the justice of the case.   See authorities cited in de-fendant's brief on first point; also *Cheswell* v. *Chapman*, 42 N. H. 47, and cases cited on p. 55.

. Let judgment, therefore, be entered for the plaintiff upon this find-ing as though the verdict had been that "defendant did promise in man-ner and form as the plaintiff hath thereof declared against him," for the sum of $18.25, and interest thereon, from the date of the plaintiff's writ, as damages, and for his costs.

*Judgment for plaintiff.*